UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY ROMANO,

Plaintiff,

v.

DOCTOR LEVITT, et al.,

Defendants.

**Hon. Hugh B. Scott**

15CV518A

**Order**

Before the Court is the moving defendants' motion to sever and to change venue as to certain claims and defendants (Docket No. 34). Defendants move to (a) sever certain defendants (termed by defendants to be the "Auburn defendants") from the remaining defendants (termed "Wende defendants") and (b) to transfer the severed claims against the Auburn defendants to the United States District Court for the Northern District of New York. Responses to this motion were due by January 4, 2017, with replies due by January 13, 2017, and the motion deemed submitted as of the latter date (Docket No. 35). Plaintiff did not respond; instead, he wrote to this Court requesting appointment of pro bono counsel (Docket No. 38). Also considered here is plaintiff's letter application for appointment of pro bono counsel (id.).

BACKGROUND

This is a civil rights action commenced by plaintiff, an inmate proceeding pro se. He moved to proceed in forma pauperis (Docket No. 2) which was granted (Docket No. 18, Order of Aug. 25, 2016, at 1-2), while also denying his motion (Docket No. 4) to consolidate this case

with two other cases, Romano v. C.O. Officers, Quick, et al., Case No. 13CV392; Romano v. Ulrich, et al., 13CV633, pending in this Court (Docket No. 18, Order at 2).

As summarized in the in forma pauperis Order (id. at 1-2),

> "plaintiff alleges that as a result of both a transportation bus accident he was involved in while in the custody of the New York State Department of Corrections and Community Supervision ["DOCCS"], and a motor vehicle accident that occurred prior to his incarceration, he suffered and continues to suffer from numerous injuries. He claims that he has continually sought treatment from the Defendants, various medical personnel at the Wende and Auburn Correctional Facilities, but has been denied adequate and sufficient medical treatment and care in violation of the Eighth Amendment to the United States Constitution."

In the Second Claim, plaintiff alleges that the Auburn defendants (Drs. Carl Koenigsmann, Weinstock[1], Kooi, A. Cincotta, and nurses Sue Lennox, Reilly, and G. Stanton[2]) denied him medical care on July 30, 2014 (Docket No. 1, Compl, at 5-6), while in the First Claim plaintiff alleges that the Wende defendants (Drs. Levitt and S. Leuthe) denied plaintiff adequate medical care from December 20, 2013 (id. at 5).

Defendants answered (Docket No. 28), including allegations of improper venue and misjoinder of parties (id. ¶¶ 21, 22).

This Court takes judicial notice that the Auburn Correctional Facility is in Cayuga County, New York, which is in the Northern District of New York, 28 U.S.C. § 112(a).

[1]Identified as "Weinstach" in the Complaint, Docket No. 1. Court Clerk is asked to correct the spelling of this defendant's name to "Weinstock".

[2]Plaintiff also alleged a Jane Doe Nurse Practitioner at Auburn violated his rights, Docket No. 1, Compl. at page 7 of 6, ECF pagination. Defense counsel had not appeared for this Jane Doe, but noted that this Court, in deciding the Rule 21 motion as to the other defendants, may sua sponte sever and transfer improperly joined claims against defendants who have yet to be served, Docket No. 34, Defs. Memo. at 1 n.1.

Separately, this Court requested that the Attorney General's office identify this Jane Doe to facilitate service, Docket No. 33. On December 12, 2016, this Court received notice from the Attorney General's office that the Jane Doe is Mary Coryer. This Court ordered service of Coryer (Docket No. 37). Acknowledgment of Service of Coryer was filed on January 12, 2017, and Coryer had until February 27, 2017, to answer or otherwise appear, Docket No. 39.

*Defense Motions*

Defendants move to sever the Auburn defendants (including initially identified as Jane Doe Nurse Administrator Mary Coryer, see Docket No. 34, Defs. Memo. at 1 n.1; Docket Nos. 37, 39; note 2, supra) from the Wende defendants (Docket No. 34). They also seek to have the claims against the Auburn defendants moved to the Northern District of New York. They argue that claims against the Auburn defendants are subject to transfer to a more appropriate venue and is a valid reason for severance (Docket No. 34, Defs. Memo. at 3, quoting James v. Osbourne, No. 11 CV 4182 (NGG), 2012 U.S. Dist. LEXIS 147646, at *12 (E.D.N.Y. Apr. 18, 2012) (quoting Coleman v. Lappin, No. 6:10-CV-186, 2011 U.S. Dist. LEXIS 113317, at *4 (E.D. Ky. Sept. 29, 2011)). They cite an earlier case wherein this Court severed and transferred claims occurring at Auburn from claims against defendants located in the Western District of New York, Reid v. Nuttall, No. 08CV870, 2010 U.S. Dist. LEXIS 50102, at *31 (W.D.N.Y. Mar. 11, 2010) (Schroeder, Mag. J.), adopted, 2010 U.S. Dist. LEXIS 50133 (W.D.N.Y. May 20, 2010) (Arcara, J.). They also contend that plaintiff may have cobbled together various claims and grievances from different facilities to evade three-strike provision of the Prison Litigation Reform Act and filing fee requirements (Docket No. 34, Defs. Memo. at 6, quoting Jones v. Forbes, No. 3:15-cv-613 (VAB), 2015 U.S. Dist. LEXIS 62572, at *3-5 & 5 n.2 (D. Conn. May 13, 2015)). Finally, defendants contend that plaintiff's claims would not be prejudiced by severance and transfer, in fact they would be heard more expeditiously (albeit in two courts) (id. at 6-7). Under 28 U.S.C. § 1391, plaintiff's civil rights claims against the Auburn defendants are venued in the district where any defendant resides, here the Northern District of New York (id. at 7), and this Court may transfer an action to any other district, 28 U.S.C. § 1404(a) (id. at 8).

Applying the factors for transfer of an action (discussed infra), defendants conclude that claims against some of them are better heard in the Northern District of New York because (among other reasons) the official residence of the Auburn defendants is in that district and all relevant events that occurred in Auburn occurred in that district (id. at 9-10).

Plaintiff did not respond and defendants did not reply.

DISCUSSION

I. Applicable Standards

A. Motion to Sever

Federal Rule of Civil Procedure 20(a)(2) permits joinder of multiple defendants if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (Docket No. 34, Defs. Memo. at 1-2). Both prerequisites, the same transaction or occurrence and common question of law or fact, must apply for joinder, McNaughton v. Merck & Co., No. 04 Civ. 8297, 2004 U.S. Dist. LEXIS 30287, at *3 (S.D.N.Y. Dec. 17, 2004) (citing 7 Charles Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure § 1653)) (id. at 2). This joinder decision is within the discretion of this Court, Curacao Trading Co. v. Federal Ins. Co., 137 F.2d 911 (2d Cir. 1943), cert. denied, 321 U.S. 765 (1944). Like a motion to dismiss, the factual assertions made by plaintiff in the Complaint must be accepted as true, see Viada v. Osaka Health Spa, Inc., 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (id.). Plaintiff bears the burden of demonstrating that joinder of defendants is warranted, see Kehr v. Yamaha Motor Corp., 596 F. Supp. 2d 821, 827 (S.D.N.Y. 2008) (id.).

Under Federal Rule 21, "misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." This decision "whether to grant a severance motion is committed to the sound discretion" of this Court, New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082 (2d Cir. 1988) (id. at 2-3); Reid, supra, 2010 U.S. Dist. LEXIS 50102, at *29 (citation omitted). "In deciding whether severance is appropriate, courts generally consider: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the severable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the party requesting the severance will be prejudiced if it is not granted," Reid, supra, 2010 U.S. Dist. LEXIS 50102, at *29, citing German v. Federal Home Loan Mort. Corp., 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995).

B. Change of Venue

This Court may transfer a case to a different venue "for the convenience of the parties and witnesses, in the interest of justice . . . where it might have been brought," 28 U.S.C. § 1404(a), with the decision to transfer being within the sound discretion of the Court, Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989) (Docket No. 21, Def. Memo. at 4); Southwestern Investors Group LLC v. Lismore Holdings, LP, No. 15CV1028, 2016 U.S. Dist. LEXIS 87642, at *20-22 (W.D.N.Y. June 30, 2016) (Scott, Mag. J.) (Report & Rec.), adopted, 2016 U.S. Dist. LEXIS 98329 (W.D.N.Y. July 27, 2016) (Arcara, J.); see generally New Era Cap Co. v. Prinz Enterp., LLC, No. 06CV391, 2008 U.S. Dist. LEXIS 15281, at *2-5 (W.D.N.Y. Feb. 28, 2008) (Scott, Mag. J.) (discussing standard for

interdistrict transfer under § 1404(a)). To prevail on a motion for transfer, the moving party "must demonstrate that an adequate alternative forum exists and that . . . the balance of convenience tilts strongly in favor of trial in the foreign forum." R. Maganlal & Co. v. M.G. Chemical Co., 942 F.2d 164, 167 (2d Cir. 1991).

> "Courts generally consider several factors to determine whether transfer is appropriate, including:
>
> "(1) the convenience of witnesses; (2) the convenience of parties; (3) the locus of operative facts; (4) the location of relevant documents and the relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative financial means of the parties; (8) the weight afforded plaintiff's choice of forum, and (9) trial efficiency and the interests of justice."

Duke, Holzman, Photiadis & Gresens LLP v. Cosentino, No. 08CV437, 2009 U.S. Dist. LEXIS 1001, at *12 (W.D.N.Y. Jan. 8, 2009) (Telesca, J.) (citations omitted). "No one factor is controlling or determinative, rather the Court must, in its discretion, balance all of the factors in making its decision," New Era Cap, supra, 2008 U.S. Dist. LEXIS 15281, at *5; Praxair, Inc. v. Morrison Knudsen Corp., No. 00CV892, 2001 U.S. Dist. LEXIS 1130, at *6 (W.D.N.Y. Feb. 6, 2001) (Elfvin, J.).

The burden of demonstrating the desirability of transfer lies with the moving party and the plaintiff's choice of forum should not be disturbed "unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice," Sunlight Solutions, LLC v. Birnbaum, No. 06cv683, 2008 WL 724215, at *7 (W.D.N.Y. Feb. 21, 2008) (Scott, Mag. J.) (Report & Recommendation), adopted by 2008 WL 724215 (W.D.N.Y. Mar. 18, 2008) (Arcara, Ch. J.) (emphasis omitted). No one factor controls but this Court, in its discretion, must balance all of the factors in deciding whether to transfer a case or not, New Era

Cap Co., supra, 2008 U.S. Dist. LEXIS 15281, at *5; Praxair, Inc. v. Morrison Knudsen Corp., No. 00CV892, 2001 U.S. Dist. LEXIS 1130, at *6 (W.D.N.Y. Feb. 6, 2001) (Elfvin, J.).

C. Dispositive Jurisdiction and Motions to Change Venue and to Sever

One procedural issue is whether this Court can decide defendants' motions by an Order or whether it can merely recommend their disposition to the District Judge. Title 28 U.S.C. § 636(b)(1) spells out about a half dozen instances where the Magistrate Judge can recommend how a pretrial motion is to be decided and such is discussed in a Report and Recommendation. These motions are collectively termed dispositive motions, see Fed. R. Civ. P. 72(b), since their decision either disposes of a case (such as motion for summary judgment, motion for judgment on pleadings, or motion to dismiss for failure to state a claim or quash an indictment) or preclude evidence (such as a criminal suppression motion) or to significantly alter the parties (such as dismissing or permitting maintenance of a class action), 28 U.S.C. § 636(b)(1)(A). The motion for injunctive relief may alter or reinforce the status quo during the pendency of the action. Underlying § 636(b)(1)(A) is the constitutional limitation on the authority of a non-Article III judge exercising judicial power (absent consent of the parties, cf. 28 U.S.C. § 636(c)), see Gomez v. United States, 490 U.S. 858, 863-64 (1989).

Courts have been divided about which pretrial motions are not among those listed under § 636 and are dispositive or not, depending in many instances upon how close a motion is to being like one of the listed dispositive motions, see, e.g., Skolnick v. Wainer, No. CV 2013-4394, 2013 U.S. Dist. LEXIS 135139, at *2 n.1 (E.D.N.Y. Sept. 20, 2013) (Go, Mag. J.) (citing cases in Magistrate Judge's Order); Beavers v. Express Jet Holdings, Inc., 421 F. Supp. 2d 994, 995 & n.2 (E.D. Tex. 2005) (Hines, Mag. J.) (Report & Recommendation listing examples of

cases Magistrate Judges either deciding venue motions by Order or issuing Reports); Southwestern Invs. Grp., supra, 2016 U.S. Dist. LEXIS 87642, at *22; Reid, supra, 2010 U.S. Dist. LEXIS 50102, at *30-31 (in "Report, Recommendation and Order," Magistrate Judge Schroeder recommends severing and transferring Auburn claims to Northern District of New York), or whether a pretrial motion is "'functionally equivalent' to an order of dismissal," Williams v. Beemiller, Inc., 527 F.3d 259, 265 (2d Cir. 2008). Review of a Report and Recommendation differs from that of a Magistrate Judge's Order; an Order would be reviewed under the clearly erroneous or contrary to law standard of § 636(b)(1)(A), while review of a Report and Recommendation would be under de novo standard of Fed. R. Civ. P. 72.

In Reid, Magistrate Judge Schroeder issued a "Report, Recommendation and Order" regarding the severance and transfer of certain claims. He did not discuss the Magistrate Judge's authority on the motions to sever or transfer. Defendants there had also moved to dismiss the Complaint, 2010 U.S. Dist. LEXIS 50102, at *1, but none of the defendants raised the severance or transfer issue, id. at *3. Magistrate Judge Schroeder recommended that the Court sua sponte exercise its discretion to sever and transfer the Auburn-based claims to the Northern District of New York, id.

As for motions to change venue, courts (including this Court) have been inconsistent whether to treat those motions as being dispositive or not. By itself, the motion to transfer venue can be seen as being **non-dispositive**, since the underlying case's claims and defenses remain for adjudication, just in a different venue. Provided that there is no second motion that is dispositive or functionally equivalent to a dispositive motion, see Southwestern Invs. Grp., supra, 2016 U.S. Dist. LEXIS 87642, at *22-23 (rendered in Report & Recommendation since parties also moved

to compel arbitration or to dismiss action in favor of arbitration in another district, deemed to be the functional equivalent to a dispositive motion); Reid, supra, 2010 U.S. Dist. LEXIS 50102, at *1 (pending motion to dismiss), the motion to change venue is non-dispositive.

As for the motion to sever defendants and claims, like the motion to change venue these claims if severed are not dismissed by action on the severance motion. At least one court has held that a Rule 21 motion to sever is not dispositive and within the Magistrate Judge's referral jurisdiction as a non-dispositive pretrial motion, Cruzan Terraces v. Antilles Ins., 138 F.R.D. 64, 65 (D.V.I. 1991); see also Waterfall Homeowners Ass'n v. Viega, Inc., 283 F.R.D. 571, 584 (D. Nev. 2012) (district judge reviewing Order of Magistrate Judge denying severance). Thus, singly, the motion for severance is **non-dispositive**; if granted, the claims remain, but are heard separate from other claims (either in the court where the action commenced or, if with a motion to transfer, in another venue). Magistrate Judge Schroeder's treatment of the motion to sever in Reid, supra, 2010 U.S. Dist. LEXIS 50102, as being dispositive was connected with the pending motion to dismiss and the Court's exercise of considering severance given the location of some of the defendants.

If the motion to change venue here is denied, upon the grant of the motion to sever, one set of claims and defendants merely would be heard separately from another set, but both sets would remain in this Court for adjudication. Even if the change of venue is granted, severing claims and defendants in order to have those claims heard in another district still is not dispositive; rather, the severed claims would remain for adjudication, but in another district (here, the Northern District of New York). In that sense, the motion to sever is **not dispositive**.

With the two motions combined here, they will be decided here by the undersigned in this **Order**. Together these motions remain **non-dispositive**. This case does not have a motion to dismiss or other dispositive motion filed with the issue of the severance of defendants and the proper venue to hear claims against them would raise the question of a Magistrate Judge's authority to decide the severance and transfer issue. These motions relate to where and how these claims would be tried and not to the more dispositive question of whether they will be tried.

II. Application, Severance and Motion to Transfer

This Court next considers defendants' severance motion, followed by consideration of the motion to transfer.

A. Sever the Auburn Defendants

This case is similar to Reid, supra, 2010 U.S. Dist. LEXIS 50102 (see Docket No. 34, Defs. Memo. at 3-4), both involving actions by pro se plaintiffs against Auburn defendants and defendants from correctional facilities in the Western District of New York. Magistrate Judge Schroeder recommended severing the Northern District defendants and transferring their claims to that district. The reasons stated by Magistrate Judge Schroeder, id. at *30-33, that the allegations involve different defendants at different facilities, with witnesses and other proof different for each defendant and claim, and the sensitivity "to the burden, upon both the individuals and the taxpayers of New York, of requiring individuals who reside in the Northern District of New York to travel to the Western District of New York to defend against allegations which occurred in the Northern District of New York," id. at *32, support severing the Auburn defendants from this Western District case. This Court notes that the Auburn Correctional

Facility is in Cayuga County, a Northern District of New York county that is neighboring this District, while as of last notice, plaintiff currently is housed at Five Points Correctional Facility, a facility in the Western District of New York distinct from either Wende or Auburn.

Severing these Auburn defendants (including Coryer) from the Wende defendants is the prudent course here. The claims against the Auburn defendants differ in time and place (Wende in 2013, Auburn in 2014) from those against the Wende defendants; hence there are no common questions of fact. If the claims against the Auburn defendants are severed, plaintiff would face two distinct set of claims, defendants (in particular the moving Auburn defendants and Coryer) are prejudiced to defend themselves in this District for claims arising in the neighboring Northern District of New York. Severance, by itself, would not prejudice plaintiff; instead of hearing these claims in one trial, they would be heard in two trials.

Defendants' motion (Docket No. 34) to sever the Auburn defendants from the Wende defendants is **granted**.

B. Change of Venue for Claims Against the Auburn Defendants

With the grant of severance, the next issue is whether this Court should hear the Auburn defendants' claims. Most of the factors listed by courts for transfer motions support transferring claims against the Auburn defendants to the neighboring Northern District. As for the convenience of witnesses, the Auburn claim witnesses (save plaintiff) are in the Northern District of New York. Convenience of the parties is a wash; plaintiff is proceeding pro se as an inmate in this District and would have access to two separate district courts (the Northern and Western Districts of New York) if this motion is granted. The Auburn defendants are in the Northern District (hence the severance just granted). The locus of the operative facts and the location of

documents (again, save those in plaintiff's possession) for the Auburn claims is in the Northern District of New York. Process to compel reluctant witnesses is readily available in the Northern District to obtain witnesses residing in that district. The forum's familiarity with governing law is not a dispositive factor here since the substantive law is federal law that either court can easily determine and apply.

The relative financial means of the parties, however, weighs in favor of plaintiff and in opposition to transfer of the severed Auburn claims. Again, plaintiff is proceeding pro se and was granted in forma pauperis status (Docket No. 18) against defendants defended by (and potentially indemnified by) the State of New York.

Plaintiff's choice of forum merely arose from the serendipity of the district in which he was housed when filing this action, with plaintiff having been transferred between various facilities that happen to be in two federal judicial districts (see at page 11, supra).

As for trial efficiency and the interest of justice, by severing the Auburn defendants and claims against them has the parties face ultimate trial in two separate sets of claims. The transfer motion merely asks where each of those claims would be tried. While defendants contend that plaintiff would not be inconvenienced by trying the Auburn defendants in the Northern District of New York (Docket No. 34, Defs. Memo. at 9-10), in effect plaintiff faces (with grant of the severance motion) the prosecution of two cases in two different courts. With the case thus split, conflicts may arise for plaintiff. Prosecuting two cases to trials, in two different courts, could become burdensome for plaintiff, with plaintiff potentially facing conflicting discovery or trial proceedings. For example, this Court may schedule a pretrial conference for the very day that the Auburn defendants noticed plaintiff's deposition in the Northern District. While this was a

single case, such a scheduling conflict would not arise and if such a conflict did occur it could be easily avoided; but with the transfer, plaintiff would have to advise the two courts of whatever conflicts arise with the other court's schedule[3]. Add to this the logistical difficulties any inmate would have generally accessing one court to now be required to double the effort in two different venues.

Weighing all the factors just discussed, defendants' motion to transfer the claims against the Auburn defendants (Docket No. 34) is **granted** and the Auburn defendants and claims against them **are transferred to the Northern District of New York**.

III. Plaintiff's Motion for Appointment of Counsel (Docket No. 38)

Plaintiff submitted a letter request (applicable to this and two other pending cases[4]) requesting appointment of pro bono counsel (Docket No. 38). Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion, see In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve

[3]This Court assumes that distinct counsel from the New York Attorney General's office from present counsel would defend the Auburn defendants if the case is transferred to the Northern District of New York. While the Attorney General's office may coordinate the defense of the now two cases, it is not guaranteed that such coordination would occur. The point of severance for defendants is that they have distinct defenses.

[4]Romano v. C.O. Officer, Quick, et al., No. 13CV392, Docket No. 60; Romano v. Ulrich, et al., No. 13CV633, Docket No. 64.

the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit," Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

The Court has reviewed the facts presented herein in light of the factors required by law. Based on this review, plaintiff's motion for appointment of counsel (Docket No. 38) is **DENIED WITHOUT PREJUDICE AT THIS TIME**. This Court notes that plaintiff was appointed pro bono counsel in two other cases pending before this Court, but later lost that counsel due to his behavior, Romano v. Ulrich, et al., No. 13CV633, Docket Nos. 12 (Order appointing counsel), 20 (Order appointing new counsel), 52 (Order granting pro bono counsel's motion to withdraw), 58 (Order denying renewed motion to appoint counsel), 60 (Order of Judge Elizabeth Wolford denying appointment of counsel); Romano v. C.O. Officers, Quick, et al., No. 13CV392, Docket Nos. 19, 20 (appearances by pro bono counsel), 53 (Order granting pro bono counsel's motion to withdraw), 57 (Order denying renewed motion to appoint counsel). In that last Order, it was explained that there was a cost to this Court for expending the good will of the bar in making multiple pro bono appointments on a single case, locating attorneys for these cases is challenging, and that it is a "wasteful expenditure of scare resources," Smolen v. Corcoran, No. 10CV6040, 2013 U.S. Dist. LEXIS 113302 (W.D.N.Y. Aug. 12, 2013) (Telesca, J.), to make multiple appointments, Romano, No. 13CV392, supra, Docket No. 57, at 2. Even though this is a distinct case, this plaintiff faces the same difficulty in appointing counsel for him. This Court acknowledges plaintiff's stated situation (that he is an inmate in a residential mental health unit, see generally Docket No. 38), but plaintiff's mental state has made appointed representation problematic, see Romano, No. 13CV392, supra, Docket No. 57, at 2. His request for appointed counsel in this case is **denied at this time**.

CONCLUSION

For the reasons stated above, the moving defendants' motion (Docket No. 34) to sever claims against the Auburn defendants from those against the Wende defendants is **granted**. Their motion (Docket No. 34) seeking to change venue of the Auburn defendants claims to the Northern District of New York is **granted**. Thus, the remaining claims in this District are those against defendants Drs. Levitt and Leuthe for alleged actions at Wende Correctional Facility in this District.

Plaintiff's letter motion (Docket No. 38) seeking appointment of pro bono counsel is **denied**.

A copy of this Order will be sent by Chambers to plaintiff at the Five Points Correctional Facility.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 18, 2017